UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:22-cv-00561-FDW-DCK

| | | |
|---|---|---|
| KALISHWAR DAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| STATE OF NC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

THIS MATTER is before the Court on *pro se* Plaintiff's Motion for Entry of Default Judgment, (Doc. No. 6); Motion for Expediting the Entry of Default Judgment, (Doc. No. 8); and Motion for Extension of Time to File Claim, (Doc. No. 9). For the reasons stated below, Plaintiff's Motion for Entry of Default Judgment is **DENIED WITHOUT PREJUDICE**, and Plaintiff's Motions for Expediting and for Extension are **DENIED AS MOOT**.

Plaintiff Kalishwar Das filed his *pro se* Amended Complaint, naming as Defendant "North Carolina State (*for* Mecklenburg County, Charlotte, NC)," on October 21, 2022. (Doc. No. 3). Plaintiff then filed his Proof of Service on November 1, 2022, alleging he served Defendant on October 24, 2022, by mailing the summons to the Attorney General of North Carolina. (Doc. No. 5). As proof of service, Plaintiff attached U.S. Postal Service tracking information, a receipt for the First-Class Mail Large Envelope along with the tracking number, and a Certified Mail Receipt. (Id. at 2–4). The Certified Mail Receipt states the documents were sent to: "Attorney General of North Carolina, 114 West Edenton St., Raleigh, NC 27602, and the tracking information indicates only that the "item was delivered to an individual at the address at 1:37 pm on October 24, 2022 in RALEIGH, NC 27603." (Id. at 2).

1

On December 16, 2022, Plaintiff filed the instant "Motion for Entry of Default Judgment," wherein Plaintiff moved "for entry of default judgment against Defendant pursuant to Rule 55(a), (b) and (e) of the Federal Rules of Civil Procedure and for a hearing to be set to determine damages accordingly." (Doc. No. 6, p. 1). In both his sworn Proof of Service filed on November 1, 2022, (Doc. No. 5), and in his Affidavit for Entry of Default Judgment filed on December 16, 2022, (Doc. No. 6-1), Plaintiff asserts he served Defendant with a copy of his Complaint and Summons via USPS First Class Certified mail on October 24, 2022. (Doc. Nos. 5, 6-1). Plaintiff mailed the documents himself and listed his name and address of record as the "Server's address." (Doc. No. 6-1, p. 4; Doc. No. 6-2). Defendant has not yet answered, appeared, or otherwise responded to Plaintiff's Amended Complaint. Thus, this Court must determine whether entry of default against Defendant is proper.

At the outset, the Court notes that Plaintiff's Motion for Entry of Default Judgment, as well as Plaintiff's subsequent filings, appear to conflate the entry of default pursuant to Rule 55(a) with the entry of a default judgment under Rule 55(b) of the Federal Rules of Civil Procedure. (Doc. Nos. 6, 8, 9). However, "to obtain a default judgment [pursuant to Rule 55(b)], a party must first seek an entry of default under Federal Rule of Civil Procedure 55(a)." Am. Auto. Ass'n v. J & T Body Shop, Inc., No. 3:10-cv-189-RJC-DCK, 2011 WL 5169399, at *1 (W.D.N.C. Oct. 31, 2011) (quoting Cameron v. MTD Prods., Inc., No. 5:03-cv-75, 2004 WL 3256003, at *2 (N.D.W.Va. Jan. 7, 2004); accord Eagle Fire, Inc. v. Eagle Integrated Controls, Inc., No. 3:06-cv-264, WL 1720681, at *5 (E.D.Va. June 20, 2006) ("The entry of default is a procedural prerequisite to the entry of a default judgment.") Thus, Rule 55 establishes a two-step process. Rule 55(a) provides that a clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is

2

sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55(a).  Once the clerk enters default, the party may then seek a default judgment pursuant to Rule 55(b).  FED. R. CIV. P. 55(b).  Entry of a default judgment under Rule 55(b) is appropriate "when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." U.S. v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982).  Here, although Plaintiff asks for entry of default judgment, (Doc. No. 6), and discusses his "Motion for Default Judgment . . . seeking a favorable judgment in my favor due to the Defendant's default," (Doc. No. 8), the Court construes Plaintiff's Motion as one for Entry of Default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure establishes that "[a] defendant must serve an answer[] within 21 days after being served with the summons and complaint."  Rule 55(a) further provides: "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  FED. R. CIV. P. 55(a).   Nonetheless, before entering default against a defendant, a court must assure itself that the defendant has been properly served.  See Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984) (vacating a default judgment where service of process was insufficient); see also Cent. Operating Co. v. Util. Workers of Am., AFL-CIO, 491 F.2d 245, 249 (4th Cir. 1974) ("It is axiomatic that a federal court cannot acquire *in personam* jurisdiction over a defendant who does not voluntarily appear unless he is served with process in a manner authorized by federal statute or rule.").  Thus, the party seeking entry of default must produce sufficient evidence to demonstrate not only that the adverse party has failed to respond, but also that they were properly served.  Here, Defendant has failed to respond or appear in any way.  Thus, the issue before this Court is whether Plaintiff has properly

3

served Defendant pursuant to the Federal Rules of Civil Procedure. For the reasons outlined below, the Court finds that Plaintiff has failed to sufficiently serve Defendant such that Plaintiff is not entitled to entry of default for two reasons.

First, the service does not comply with the Federal Rules of Civil Procedure. Rule 4 provides, in relevant part, that "[a]ny person who is at least 18 years old and *not a party* may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added). Thus, a plaintiff—even one proceeding *pro se*—may not effectuate service himself by sending a copy of the summons and complaint through certified mail. Norton v. Columbus Cnty. Bd. of Elections, 493 F. Supp. 3d 450, 458 (E.D.N.C. 2020), aff'd, 834 F. App'x 54 (4th Cir. 2021) (quoting Constien v. United States, 628 F.3d 1207, 1213 (10th Cir. 2010)) ("Therefore, '[e]ven when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail.'"); see also Reading v. United States, 506 F. Supp. 2d 13, 19 (D.D.C. 2007); Wilson v. Suntrust Bank, Inc., No. 3:10-CV-573-FDW-DCK, 2011 WL 1706763, at *1 (W.D.N.C. May 4, 2011). Here, Plaintiff—a party to this action—mailed the summons and complaint to Defendant himself, and as a result, service was defective under Rule 4(c)(2).

Second, the service does not comply with the North Carolina Rules of Civil Procedure. Though the Federal Rules do not themselves allow for service by mail, North Carolina law establishes that a plaintiff may serve the State of North Carolina

> [B]y personally delivering a copy of the summons and of the complaint to the Attorney General or to a deputy or assistant attorney general; by mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the Attorney General or to a deputy or assistant attorney general; or by depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)92) a copy of the summons and complaint, addressed to the Attorney General or to a deputy or assistant attorney general, delivering to the addressee, and obtaining a delivery receipt.

4

N.C. R. Civ. P. 4 (j)(3). Further, under North Carolina law,

> Before judgment by default may be had on service by registered or certified mail, signature confirmation, or by a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) with delivery receipt, the serving party shall file an affidavit with the court showing proof of such service in accordance with the requirements of G.S. 1-75.10(a)(4), 1-75.10(a)(5), or 1-75.10(a)(6), as appropriate. . . .

N.C. R. Civ. P. 4(j2)(2). Finally, for service by certified mail, the affidavit must state:

> a. That a copy of the summons and complaint was deposited in the post office for mailing by registered or certified mail, return receipt requested;
> b. That it was in fact received as evidenced by the attached registry receipt or other evidence satisfactory to the court of delivery to the addressee; and
> c. That the genuine receipt or other evidence of delivery is attached.

N.C. Gen. Stat. § 1–75.10(a)(4).[1]

Here, Plaintiff attempted to serve Defendant via U.S. Postal Service Certified Mail. Although Plaintiff included as proof of service the tracking information and Certified Mail Receipt, these references show Plaintiff merely paid the Certified Mail Fee of $4.00; he did not request a return receipt—either hard copy or electronic, nor did he request a signature upon delivery. (Doc. No. 5, p. 2). Because the North Carolina Rules of Civil Procedure expressly require a return receipt, Plaintiff has not properly served Defendant in accordance with North Carolina law.

---

[1] "Statutes authorizing service by mail . . . are strictly construed and must be followed with particularity." Newton v. City of Winston-Salem, 374 S.E.2d 488 (N.C. Ct. App. 1988). "When attempting to effectuate service by certified mail, return receipt requested, 'the serving party shall file an affidavit with the court showing proof of such service. . . .'" In re George, 825 S.E.2d 19, 27 (N.C. Ct. App. 2019), aff'd in part, rev'd in part on other grounds, 856 S.E.2d 483 (N.C. 2021) (quoting N.C. Gen. Stat. § 1A–1, Rule 4(j2)(2)). "The requirement that an affidavit contain information showing . . . proof of service is mandatory." Id. (citing Dawkins v. Dawkins, 232 S.E.2d 456, 457 (N.C. Ct. App. 1977). Therefore, if a plaintiff fails to comply with these rules, service cannot be obtained. Stone v. Hicks, 262 S.E.2d 318, 319 (N.C. Ct. App. 1980) (citing Guthrie v. Ray, 235 S.E.2d 146 (N.C. 1977)). Under such circumstances, it "is immaterial" whether the defendant had actual notice of service. Cnty. of Jackson v. Moor, 765 S.E.2d 122 *4 (N.C. Ct. App. 2014) (citing Stone, 262 S.E.2d at 319 ("Although both defendants may have had actual notice of the lawsuit, such notice cannot supply constitutional validity to service unless the service is in the manner prescribed by statute.") (internal citation omitted)).

Accordingly, Plaintiff has failed to properly serve Defendant under both the Federal Rules of Civil Procedure and the North Carolina Rules of Civil Procedure. Therefore, Plaintiff is not entitled to entry of default pursuant to Rule 55(a) of the Federal Rules. The Court reminds Plaintiff that he is responsible for having the summons and Amended Complaint served on Defendant in accordance with the requirements of the Federal Rules of Civil Procedure. FED. R. CIV. P. 4(a), (c), (j), (l), (m).

**IT IS THEREFORE ORDERED** that Plaintiff's *pro se* Motion for Entry of Default Judgment, (Doc. No. 6), is **DENIED WITHOUT PREJUDICE** for insufficient service. Accordingly, Plaintiff's Motion for Expediting the Entry of Default Judgment, (Doc. No. 8), and Plaintiff's Motion for Extension of Time to File Claim, (Doc. No. 9),[2] are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff must serve Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure <u>within sixty (60) days of entry of this Order</u> to avoid the dismissal of his Complaint. <u>See</u> FED. R. CIV. P. 4(a), (c), (j), (l), (m).[3]

---

[2] The Court notes that upon review of Plaintiff's Motion for Extension of Time to File Claim, it is unclear what exactly Plaintiff is asking for. Plaintiff's Motion states:

> COMES NOW the Plaintiff . . . respectfully requests this Honorable Court to grant an extension of time of minimum 30 days or more to file the claim petition in this matter which is pending for a default judgment after defendant defaulted having failed to respond after receiving complaint with summons and proof of Service on October 24, 2022.
> . . .
> The Plaintiff requires additional time to gather and organize the necessary evidence, review legal precedents, and consult with relevant experts, in order to present a comprehensive and well-substantiated claim.

(Doc. No. 9, p. 1–2). The Court construes Plaintiff's Motion as one seeking a delayed ruling on Plaintiff's Motion for Entry of Default to allow Plaintiff additional time to file supplemental briefing. Because the Court determined above that Plaintiff is not entitled to entry of default, Plaintiff's subsequent Motion for Extension is moot. Further, because the Court denied Plaintiff's Motion for Entry of Default without prejudice, Plaintiff may file a timely and properly supported motion for entry of default pursuant to Rule 55(a) following the completion of service according to Rule 4.

[3] Rule 4(m) provides: "**Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m) (emphasis in

**IT IS SO ORDERED.**

Signed: July 18, 2023

Frank D. Whitney
United States District Judge

---

original). In light of Plaintiff's *pro se* status, the Court will provide Plaintiff with an additional sixty days from the date of this Order in which to properly serve Defendant.