**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA**

**Case No.: 3:22-cv-00561-FDW-DCL**

| | | |
|---|---|---|
| **KALISHWAR DAS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **MEMORANDUM OF LAW IN** |
| | ) | **SUPPORT OF MOTION TO** |
| **v.** | ) | **DISMISS** |
| | ) | |
| **STATE OF NORTH CAROLINA** | ) | |
| | ) | |
| **Defendant.** | ) | |

NOW COMES Defendant State of North Carolina, by and through its undersigned counsel, and hereby submits this memorandum of law in support of their motion to dismiss Plaintiff's Complaint, pursuant to Fed. R. Civ. P. 12(b)(1), (2) and (6).

## Introduction

The Amended Complaint is one of several attempts by Plaintiff to relitigate a 2019 landlord/tenant dispute in Mecklenburg County, North Carolina. The *pro se* Plaintiff filed his Amended Complaint, pursuant to 42 U.S.C. § 1983, alleging "the Judge and other authorities, deprived him of his constitutional rights, such as due process and equal protection under the law." [DE 15, p. 1]

Plaintiff specifically brings three claims for relief, purportedly arising under 42 U.S.C. § 1983: (1) "against deprival of rights of property and due process, discriminatory coercion, act of tortious insult, mock and rejection, bias, etc.;" (2) "for

plaintiff's personal out-of-pocket loss, mental anguish, and loss of personal endeavor due to defendant's irresponsible actions;" and (3) "demand of Investigation with Plaintiff's personal engagement." [DE 15, ¶¶ 5-7] Plaintiff seeks "compensatory damages to fully compensate for the economic losses incurred, consequential damages arising from the defendant's actions and to be determined at trial, interest at the applicable rate, the cost of this action, reasonable fees . . . ." [DE 15, ¶ 7]

## STATEMENT OF FACTS

Plaintiff is the owner of Vibha Mens Clothing, LLC (VMC, LLC), and was the "lease guarantor of 'MiniMart' (dba)." [DE 15, ¶ 1] Plaintiff signed as a lease guarantor on May 14, 2018 after purchasing a business. [DE 15, ¶ 4A] At some point, the store manager embezzled money and inventory, and Plaintiff failed to pay the rent. [Id.] Thereafter, the landlord sued Plaintiff's business in "Magistrate court" case number 19 CVM 4013, in January 2019. [Id.]

On February 26, 2019, an unknown judicial official conducted a summary ejectment hearing, wherein the landlord was granted a writ of possession. [DE 15, ¶ 4B] At an unspecified time, the landlord was granted a writ of execution. [Id.] Plaintiff did not contest "the situation." [DE 15, ¶ 4C]

Plaintiff then demanded the landlord return his personal and business assets so he "could be able to pay what he owed as per lease." [DE 15, ¶ 4C] The landlord in turn sued VMC, LLC and Plaintiff, and Plaintiff counterclaimed for the return of the seized properties. [Id.] During a court hearing before Judge Hoover on August 17, 2020, Plaintiff was not allowed to represent VMC, LLC. [DE 15, ¶ 4D] Plaintiff

alleges that Judge Hoover "suppress[ed] the truth and justice against the Plaintiff," and issued an order in favor of the landlord. [DE 15, ¶¶ 4D, E, F, G, H] Plaintiff then alleges Judge Hoover "threatened" Plaintiff, "vowing to ensure no court vacates his order." [DE 15, ¶ 4H]

Three days after the August 17, 2020 hearing, Plaintiff sued the landlord in Mecklenburg County File No. 20 CVS 10880. [Id.] Plaintiff also filed a motion for a new trial, which was denied. [DE 15, ¶ 4I]

On October 11, 2021, in a hearing before Judge George Bell in file no. 20 CVS 10880, Plaintiff alleges he was "deprived . . . of attending the hearing . . . ." while also alleging that he was able to see and hear the court proceedings "while the court itself remained muted." [DE 15, ¶ 4J] Thereafter, Plaintiff's multiple appeals were unsuccessful. [DE 15, ¶ 4K]

## LAW AND ARGUMENT

Although unclear, it appears Plaintiff brings a 42 U.S.C. § 1983 against the State of North Carolina, alleging "certain actions taken by the defendant(s), including the Judge and other authorities, deprived him of his constitutional rights, such as due process and equal protection under the law." [DE 15, p. 1] Plaintiff asserts that the State of North Carolina, the only defendant named in the caption, is liable for the "abuse of authority and power endured with the act of discrimination by their employees." [DE 15, ¶ 3] Plaintiff concludes, without any factual support, that he was "discouraged from seeking justice and expected to forget the tragedy due to being an immigrant business owner." [DE 15, ¶ 3]

The Amended Complaint consists primarily of Plaintiff's grievances with the outcome of state court proceedings related to a landlord/tenant dispute. The Amended Complaint should be dismissed because the Eleventh Amendment bars all claims, 42 U.S.C. § 1983 does not create *respondeat superior* or vicarious liability, and the State of North Carolina is not a person subject to suit under 42 U.S.C. § 1983. Although Plaintiff purports to name several "party defendants" in the body of the Amended Complaint, these "party defendants" are not named in the caption in violation of Fed. R. Civ. P. 10(a) and Plaintiff did not issue summons against these "party defendants" in violation of Fed. R. Civ. P. 4. To the extent this Court construes that the "party defendants" are properly before the court, those claims are barred by the Eleventh Amendment, the *Rooker-Feldman* doctrine, and absolute judicial immunity. Further, the "party defendants" are not persons subject to suit under 42 U.S.C. § 1983. Finally, Plaintiff's Amended Complaint fails to state a claim upon which this Court may grant relief.

## STANDARDS OF REVIEW

### I.    Fed. R. Civ. P. 12(b)(1)

This Court must dismiss all or part of a complaint over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). This threshold question must be addressed by the court before considering the merits of the case. *Jones. v. Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999). Plaintiff has the burden of proving

the existence of subject matter jurisdiction. *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

## II.    Fed. R. Civ. P. 12(b)(2)

Fed. R. Civ. P. 12(b)(2) provides for dismissal for lack of personal jurisdiction. Under Rule 12(b)(2), the plaintiff bears the burden of demonstrating personal jurisdiction at every stage. *Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir. 2016) (citing *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)). A summons must be issued properly and served before a federal court may exercise personal jurisdiction over a defendant. *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). When process or service of process is deficient and personal jurisdiction is lacking, a case must be dismissed under Rule 12(b)(2*). See, e.g., Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984); *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999).

## III.    Fed. R. Civ. P. 12(b)(6)

A complaint may be dismissed if it fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the light most favorable to the plaintiff. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level," with the complaint having "enough facts to state a claim to relief

that is plausible on its face." *Id.* at 570. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." *Id.* at 679 (citations omitted).

## CLAIMS AGAINST DEFENDANT STATE OF NORTH CAROLINA

### I. The Eleventh Amendment Bars Plaintiff's Claims Against The State Of North Carolina

The Eleventh Amendment restricts the ability of individuals to bring suit against states in federal court. *See* U.S. Const. amend. XI. The Supreme Court has consistently held that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). In this action, the Plaintiff names only the State of North Carolina as a defendant and seeks monetary relief.

Immunity under the Eleventh Amendment is not absolute; however the exceptions are narrow. The defense of immunity under the Eleventh Amendment is not available where one of the following three exceptions applies: (1) where Congress, while acting pursuant to its powers under the Fourteenth Amendment, has properly abrogated a state's immunity, *Fitzpatrick v. Bitzer*, 427 U.S. 445, 452–56 (1976); (2)

where a state has waived its immunity to suit in federal court, *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999); or (3) where a private party sues an appropriate state officer for *prospective* injunctive or declaratory relief from an ongoing violation of federal law, *Ex parte Young*, 209 U.S. 123, 155–56 (1908) (emphasis added). Here, Plaintiff filed his lawsuit directly against the State of North Carolina, pursuant to 42 U.S.C. § 1983, vaguely alleging a constitutional violation.

While Congress may abrogate a state's Eleventh Amendment immunity in certain limited circumstances, the Supreme Court has determined that Congress did not intend to abrogate Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983. *Will*, 491 U.S. at 66. No exception to immunity is applicable to Plaintiff's claims. Although Plaintiff alleges, without authority, that courts, including judges and court personnel, are not immune from lawsuits under the doctrine of sovereign immunity, this is an inaccurate statement of the law. The Eleventh Amendment bars this suit.

## II.   Vicarious Liability Is Inapplicable To 42 U.S.C. § 1983 Suits

Plaintiff asserts the State of North Carolina is liable for the "abuse of authority and power endured with the act of discrimination by their employees," namely state judicial officials. [DE 15, ¶ 3] The 42 U.S.C. § 1983 claims against the State of North Carolina appear to be premised on either a *respondeat superior* theory or a vicarious liability theory. Either way, it is well-established that § 1983 liability cannot be predicated on a theory of *respondeat superior* or vicarious liability. *See, e.g., Iqbal*, 556

U.S. at 676. Accordingly, Plaintiff's 42 U.S.C. § 1983 claims against the State of North Carolina fail.

### III. The State Of North Carolina Is Not A Person Amenable To Suit Under 42 U.S.C. § 1983

Plaintiff's 42 U.S.C. § 1983 claims against the State also fail because the State of North Carolina is not a person amenable to suit under 42 U.S.C. § 1983. In the Fourth Circuit, a civil rights claim based upon 42 U.S.C. § 1983 has two essential elements: "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). To be liable under 42 U.S.C. § 1983, therefore, a defendant must be a "person" within the meaning of the statute. *See id.* It is well-established that "a State is not a person within the meaning of § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989). Plaintiff's section 1983 claims against the State of North Carolina fail for this reason.

## CLAIMS AGAINST THE "PARTY DEFENDANTS"

### I. The Court Lacks Personal Jurisdiction Over The "Party Defendants"

Plaintiff purports to name as "party defendants" "Mecklenburg County Magistrate Court," "Mecklenburg County Sheriff Department," [1] "Judge Donnie Hoover, in his official capacity as a Judge at Mecklenburg County Superior Court,"

---

[1] Plaintiff names "Mecklenburg County Sheriff's Department" as a "Party Defendant." There is no such entity as a "sheriff's department" in North Carolina. The Office of the Sheriff is an independent constitutional office and is its own legal entity. N.C. Const. art. VII, § 2, N.C. Gen. Stat. § 162-1 (2023). Because the Office of the Mecklenburg County Sheriff has no legal relationship with the State of North Carolina, that claim is not discussed.

and "Judge George Bell, in his official capacity as a Judge at Mecklenburg County Superior Court." [DE 15, ¶ 2] However, this Court does not have personal jurisdiction over the "party defendants" because Plaintiff failed to comply with the Federal Rules of Civil Procedure.

A plaintiff must comply with the Rules of Civil Procedure even if they are proceeding *pro se. See e.g. Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149–22 (1984). Plaintiff has failed to satisfy both Rule 4 and Rule 10, and thus fails to adequately demonstrate the personal jurisdiction of this court over the "party defendants." First, Plaintiff's Amended Complaint only names the State of North Carolina as a Defendant. Rule 10 of the Federal Rules of Civil Procedure requires that [t]he title of the complaint must name all the parties. . . ." Fed. R. Civ. P. 10(a). Second, because Plaintiff's Amended Complaint only names the State of North Carolina as a defendant, Plaintiff neither caused to be issued, nor served, any summons or complaint upon any of the "party defendants" in violation of Rule 4 of the Federal Rules of Civil Procedure. The plaintiff is responsible for preparing the summons. Fed. R. Civ. P. 4(b). Because Plaintiff failed to name the "party defendants" in the caption of his Amended Complaint, and failed to prepare or serve a summons, this Court lacks personal jurisdiction over them.

Furthermore, the Court should neither allow Plaintiff to amend his complaint a second time, nor grant Plaintiff a permissive extension of time to serve the "party defendants." Doing so would be futile, for all the reasons explained below.

## II.    The Eleventh Amendment Bars Plaintiff's Complaint Against The "Party Defendants"

To the extent this Court considers any of the claims against the "party defendants," those claims are barred by the Eleventh Amendment. As explained above, the Eleventh Amendment bars suits brought in federal courts by a state's own citizens or the citizens of another state to the extent the suit seeks retrospective relief, including damages, against an uncontesting state. *Edelman*, 415 U.S. at 662–668. Because a suit against a state official in his or her official capacity "is no different from a suit against the State itself," the Eleventh Amendment also bars suits brought in federal court that seek monetary relief from state officials in their official capacity. *Will*, 491 U.S. at 71; see also *Biggs v. Meadows*, 66 F.3d 56, 61 (4th Cir. 1995) (noting that compensatory or punitive damages are unavailable as relief in official capacity suits).

Here, Plaintiff names as "party defendants" Judges Hoover and Bell in their official capacities. These "party defendants" are clearly state officers. See N.C. Const. art. IV, §§ 2, 10 (establishing that superior and district court judges are officers of the state); N.C. Gen. Stat. §§ 7A-4, -40, -41, -130. Accordingly, the Eleventh Amendment bars claims against these judges because Plaintiff seeks monetary damages against state officers and there is no abrogation of Eleventh Amendment immunity or consent to the suit.

With regard to "party defendant" "Mecklenburg County Magistrate Court," this is not an entity recognized under Chapter 7A of the North Carolina General

Statutes. To the extent Plaintiff seeks to name an individual magistrate who presided over a summary ejectment hearing, that claim is likewise barred by the Eleventh Amendment.

### III. Plaintiff's Claims Are Barred By The *Rooker-Feldman* Doctrine.

The *Rooker-Feldman* doctrine applies where a federal litigant seeks to review or overturn a state court order in federal district court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 281 (2005). Here, the entirety of the Amended Complaint is an airing of grievances about Mecklenburg County state court matters. In essence, Plaintiff is asking this court to review the state trial court proceedings. This court does not have jurisdiction to do so.

"Under the *Rooker-Feldman* doctrine, lower federal courts generally do not have jurisdiction to review state-court decisions; rather, jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). The *Rooker-Feldman* doctrine prevents the federal court from determining that a state court judgment was erroneously entered or taking action that would render a state court judgment ineffectual. *Jordahl v. Democratic Party of Virginia*, 122 F.3d 192, 202 (4th Cir. 1997).

The *Rooker-Feldman* doctrine "bars lower federal courts from considering not only issues raised and decided in the state courts, but also issues that are 'inextricably intertwined' with the issues that were before the state court." *Washington v. Wilmore*, 407 F.3d 274, 279 (4th Cir. 2005). An issue is "inextricably intertwined" with those

before the state court if "success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997); *see also Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006) ("A claim seeking redress for an injury caused by the state-court decision itself – even if the basis of the claim was not asserted to the state court – asks the federal district court to conduct an appellate review of the state-court decision.").

The *Rooker-Feldman* doctrine is a "narrow doctrine." *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (per curiam). In *Exxon*, the Supreme Court limited the doctrine "to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp.*, 544 U.S. at 284. The Court reiterated this holding in *Skinner v. Switzer*, 562 U.S. 521 (2011). In order for the doctrine to apply, the relief sought in federal court must do more than upset the state court order; it must "'reverse or modify' the state court decree." *Adkins v. Rumsfeld*, 464 F.3d 456, 464 (4th Cir. 2006) (quoting *Exxon Mobil Corp.*, 544 U.S. at 284). Accordingly, "*Exxon* requires us to examine whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If [the state-court loser] is not challenging the state-court decision, the *Rooker-Feldman* doctrine does not apply." *Davani*, 434 F.3d at 718 (footnote omitted).

As stated above, Plaintiff is asking this Court to do exactly what *Rooker-Feldman* forbids - review the state court proceedings and determine that the decisions were erroneous. The Amended Complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction over the subject matter of the Complaint.

## IV. A state official sued in their official capacity is Not A "Person" Amenable To a 42 U.S.C. § 1983 claim

Plaintiff broadly alleges that the judges "deprived him of his constitutional rights, such as due process and equal protection of the law." [DE 15, p.1] His claims under 42 U.S.C. § 1983 must be dismissed because a state official sued in their official capacities is not a person amenable to suit under 42 U.S.C. § 1983.

As explained above, neither States, nor state officials acting in their official capacities, are "persons" within the meaning of 42 U.S.C. § 1983 when the relief sought is monetary. *Will*, 491 U.S. 58. Accordingly, the judges sued in their official capacities are not "persons" subject to liability under 42 U.S.C. § 1983.

## V. Plaintiff's Claims Are Barred By Absolute Judicial Immunity

To the extent this Court construes Plaintiff's Amended Complaint to sufficiently name "Mecklenburg County Magistrate Court", "Judge Donnie Hoover, in his official capacity as a Judge at Mecklenburg County Superior Court," and "Judge George Bell, in his official capacity as a Judge at Mecklenburg County Superior Court" as defendants in this action, any claims are barred by absolute judicial immunity.

The Fourth Circuit has declared the law to be settled for centuries that a judge may not be attacked for exercising judicial authority. *Dean v. Shirer*, 547 F.2d 227, 231

(4th Cir. 1976). So strong, in fact, is the doctrine of judicial immunity, it survives even when the exercise of judicial authority is done improperly. *Id.* A long line of Supreme Court cases make clear that judicial immunity is overcome only when the actions taken are not in the judge's judicial capacity, or when taken in the complete absence of all jurisdiction. *Forrester v. White*, 484 U.S. 219 (1988); *Stump v. Sparkman*, 435 U.S. 349 (1978). The United Supreme Court recognized judicial immunity to be "a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, be free to act upon his own convictions, without apprehension of personal consequences to himself." *Bradley v. Fisher*, 80 U.S. 335, 347 (1871).

Judges are not liable in civil actions for their judicial acts, even when such acts are in excess of their jurisdiction and are alleged to have been done maliciously or corruptly. *Id.* at 352. Judicial immunity, like other forms of official immunity, is an immunity from suit, not just from an ultimate assessment of damages. Accordingly, it is not overcome by allegations of bad faith or malice, which ordinarily cannot be resolved without engaging in discovery and trial. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

For judicial immunity to apply: (1) the act complained of must have been a judicial act; and (2) the judicial officer did not act in the clear absence of jurisdiction. *King v. Myers*, 973 F.2d 354, 356 (4th Cir. 1992). The factors to be considered in "determining whether an act by a judge is a "judicial" one relate to the nature of the act itself, *i. e.*, whether it is a function normally performed by a judge, and to the

expectations of the parties, *i. e.*, whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).

Based on a liberal reading of the Amended Complaint, it appears that Plaintiff takes issue with the judicial decisions rendered by the "magistrate court," Judge Hoover and Judge Bell. Making rulings and rendering decisions in court hearings and legal disputes are plainly judicial acts, and Plaintiff dealt with the various judges in their judicial capacities. Therefore, all of Plaintiff's claims premised on judicial decisions are barred by absolute judicial immunity.

## VI. The Plaintiff Has Otherwise Failed To State A Claim Upon Which Relief May Be Granted

Plaintiff's Amended Complaint should also be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because it fails to state a claim. Plaintiff asserts, in conclusory fashion, that "the Judge and other authorities deprived him of his constitutional rights, such as due process and equal protection under the law." [DE 15, p. 1] The Amended Complaint goes on to describe Plaintiff's dissatisfaction with the outcomes of various state court proceedings. Plaintiff vaguely asserts that the State of North Carolina is liable for the "abuse of authority and power endured with the act of discrimination by their employees." [DE 15, ¶ 3] However, the Amended Complaint is devoid of any facts, as opposed to conclusory allegations, to support any violation of Plaintiff's rights protected by the constitution and federal law.

Instead, Plaintiff alleges, without factual support, that state court adverse rulings were a result of a conspiracy against him. "Even a *pro se* plaintiff must allege

sufficient facts 'to raise a right to relief above the speculative level' and 'state a claim to relief that is plausible on its face.'" quoting *Twombly*, 550 U.S. at 555)). The Amended Complaint fails to do so, and should be dismissed pursuant to Rule 12(b)(6).

<u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Amended Complaint against the State of North Carolina should be dismissed, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(1), (2) and (6).

Respectfully submitted, this the 17th day of August, 2023.

JOSHUA H. STEIN
Attorney General


<u>/s/ Elizabeth Curran O'Brien</u>

Elizabeth Curran O'Brien
Special Deputy Attorney General
N.C. State Bar No. 28885
North Carolina Department of Justice
P.O. Box 629
Raleigh, NC 27602-0629
Telephone: (919) 716-0091
Facsimile: (919) 716-6755
Email: eobrien@ncdoj.gov
*Counsel for State of North Carolina*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that on this day a copy of the foregoing **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** was served by placing the same in the United States mail, first-class postage prepaid, and addressed to the following:

Kalishwar Das
1505 The Crossing
Rock Hill, SC 29732
kalishwardas@gmail.com
*Pro Se Plaintiff*

This the 17th day of August, 2023.

/s/ Elizabeth Curran O'Brien
Elizabeth Curran O'Brien
Special Deputy Attorney General
N.C. Department of Justice