UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:22-CV-00561-FDW-DCK

| | |
|---|---|
| KALISHWAR DAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MECKLENBURG COUNTY SHERIFF ) | |
| OFFICE/DEPARTMENT and ) | |
| MECKLENBURG COUNTY SUPERIOR ) | |
| COURT ADMINISTRATION, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on several Motions to Dismiss Plaintiff's Complaint (Doc. Nos. 20, 31, 36). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court issued notices (Doc. Nos. 23, 33) to Plaintiff, who appears *pro se*, advising him of the burden he carries in responding to Defendants' motions. All motions are fully briefed. (Doc Nos. 20, 24, 31, 37, 40, 42). Additionally, Plaintiff has filed a Motion to Intervene. (Doc. No. 39). Upon review by the Court, for the reasons below, the Motion to Dismiss the Complaint (Doc. No. 20) is **DENIED AS MOOT**, the Motions to Dismiss the Amended Complaint (Doc. Nos. 31, 36) are **GRANTED**, and the Motion to Intervene (Doc. No. 39) is **DENIED**.

**I. BACKGROUND**

Plaintiff is the owner of Vibha Mens Clothing, LLC ("VMC, LLC"), and was the "lease guarantor of 'MiniMart' (dba)." (Doc. No. 29, p. 2). Plaintiff signed as a lease guarantor on May 14, 2018, after purchasing a business. (Doc. No. 29, p. 9). At some point, the store manager embezzled money and inventory, and Plaintiff failed to pay the rent. (Id.). Thereafter, in January

1

2019, the landlord sued Plaintiff's business in "Magistrate court", case number 19 CVM 4013. (Id.).

On February 26, 2019, an unknown judicial official conducted a summary ejectment hearing, wherein the landlord was granted a writ of possession. (Doc. No. 29, p. 9–10). At an unspecified time, the landlord was granted a writ of execution. (Id.). Plaintiff did not contest "the situation." (Doc. No. 29, p. 10).

Plaintiff then demanded the landlord return his personal and business assets so he "could be able to pay what he owed as per lease." (Id.). The landlord in turn sued VMC, LLC and Plaintiff, and Plaintiff counterclaimed for the return of the seized properties. (Id.).

During a court hearing before Judge Hoover on August 17, 2020, Judge Hoover disallowed Plaintiff to represent VMC, LLC and issued judicial ruling on disputed matters. (Doc. No 29, p. 10–11). Plaintiff also alleges that Judge Hoover had difficulty understanding Plaintiff's pronunciation or dialect and that "someone near" Judge Hoover giggled when Plaintiff requested his son interpret his answers for the court or for the court to arrange for an interpreter. (Doc. No. 29, p. 11). Plaintiff believes this unknown individual was mocking him and that Judge Hoover ignored this. (Id.). Plaintiff contends that Judge Hoover issued "an order to separate the Plaintiff's son from him, despite the son being a witness in the case," instructed the Sheriff to whisper threats to Plaintiff, and attempted to coerce Plaintiff into compromising with the landlord. (Doc. No. 29, p. 11–12).

Plaintiff alleges Judge Hoover "suppress[ed] the truth and justice against the Plaintiff," and issued an order in favor of the landlord. (Doc. No. 29, p. 12). Plaintiff then alleges Judge Hoover, when questioned about the possibility of Plaintiff appealing, "threatened" Plaintiff, "vowing to ensure no court vacates his order." (Id.).

On August 20, 2020, Plaintiff filed suit against the landlord in Mecklenburg County. (Id.). Plaintiff, through an attorney, also filed a motion for a new trial, which was denied. (Doc. No. 29, p. 12–13). Plaintiff claims Judge Hoover "intentionally restricted the Plaintiff's access to the order." (Id.).

On October 11, 2021, in a hearing before Judge George Bell, Plaintiff alleges he was "deprived . . . of attending the hearing . . . ." (Doc. No. 29, p. 13). Thereafter, Plaintiff's multiple appeals were unsuccessful. (Id.).

On October 18, 2022, the *pro se* Plaintiff filed his Complaint against Mecklenburg County. (Doc. No. 1). On October 21, 2022, Plaintiff filed his First Amended Complaint, again against Mecklenburg County, but causing summons to be issued to the State of North Carolina. (Doc. No. 3). On November 1, 2023, Plaintiff filed documentation indicating that he served the State of North Carolina with the summons. (Doc. No. 5). Plaintiff moved for default judgment against the State of North Carolina on December 16, 2022. (Doc. No. 6). On July 18, 2023, this Court denied Plaintiff's Motion for Default Judgment, finding Plaintiff did not properly serve the State of North Carolina. (Doc. No. 10).

On July 24, 2023, this Court allowed Plaintiff to file a Second Amended Complaint, this time naming the State of North Carolina. (Doc. Nos. 14, 15). Plaintiff filed an affidavit of service, affirming the Second Amended Complaint was served on the State of North Carolina, contending service was complete on the date of mailing. (Doc. No. 17). On August 16, 2023, Plaintiff again filed a Motion for Default. (Doc. No. 18). On August 17, 2023, the State of North Carolina timely moved to dismiss Plaintiff's Second Amended Complaint and filed a Response in Opposition to the Motion for Default. (Doc. Nos. 19, 20, 21).

On August 30, 2023, Plaintiff filed a document entitled "Notice of Defendant's Name Shifts, Complying Roseboro Order" and his Third Amended Complaint, this time naming "Mecklenburg County Sheriff Office/Department" and "Mecklenburg County Superior Court Administration" as defendants. (Doc. Nos. 25, 26). Based upon these filings, this Court terminated Defendant State of North Carolina as a defendant on August 30, 2023. Also on August 30, 2023, Plaintiff caused to be issued summons addressed to "Hon. Judge Donnie Hoover," "Mecklenburg County Superior Court Administration," "Mecklenburg County Magistrate," "Hon. Judge George Bell," as well as "Mecklenburg County Sheriff Office/Department." (Doc. No. 27). On September 8, 2023, Plaintiff filed documentation indicating proof of service on "Mecklenburg County Superior Court Administration" and "Mecklenburg County Sheriff Office". (Doc. No. 28).

On September 15, 2023, Plaintiff filed a Fourth Amended Complaint. (Doc. No. 29). In the Fourth Amended Complaint, Plaintiff states that "[t]his complaint is being re-filed due to refusal by the defendants to accept the Complaint, which was initially served on August 31, 2023; through USPS Certified mail with return receipt requested." (Doc. No. 29, p. 1). Also on September 15, 2023, summons were again issued to "Mecklenburg County Superior Court Administration" and "Mecklenburg County Sheriff Office/Department." (Doc. No. 30).

## II. STANDARD OF REVIEW

A. **Amendment of Complaint**

The amendment of pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure. In pertinent part, Rule 15 provides:

> (a) . . . A party may amend its pleading *once as a matter of course* within:
>
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

4

Fed. R. Civ. P. 15(a)(1) (emphasis added). Where a party seeks to amend his complaint more than once as a matter of course, Rule 15(a)(2) permits amendment only with the defendant's written consent or the court's leave. However, Rule 15(a)'s "permissive standard" provides that such leave should be freely given by the court "when justice so requires." Ohio Valley Envtl. Coal., Inc. v. Hernshaw Partners, LLC, 984 F.Supp.2d 589, 592 (S.D.W.Va. 2013) (quoting Fed. R. Civ. P. 15(a)(2)). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc); see Conley v. Gibson, 355 U.S. 41, 48 (1957).

Upholding the letter and the spirit of this rule, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)); see also Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010). The grant or denial of a motion for leave to amend a pleading is committed to the sound discretion of the trial court. See Foman v. Davis, 371 U.S. 178, 182 (1962); Equal Rights Ctr., 602 F.3d at 603.

**B.      Motion to Dismiss for Lack of Jurisdiction**

This Court must dismiss all or part of a complaint over which it lacks subject matter and personal jurisdiction. FED. R. CIV. P. 12(b)(1)–(2). This threshold question shall be addressed by the court before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). Plaintiff has the burden of proving that jurisdiction exists. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

5

A motion to dismiss based on sovereign immunity is a jurisdictional issue. Whether sovereign immunity is grounded in a lack of subject matter jurisdiction or personal jurisdiction is unsettled in North Carolina. See M Series Rebuild, LLC v. Town of Mount Pleasant, Inc., 222 N.C. App. 59, 59 (2012). Likewise, "Eleventh Amendment immunity has attributes of both subject-matter and personal jurisdiction." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 480 (4th Cir. 2005).

**C.     Motion to Dismiss for Failure to State a Claim**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when the pleading party fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal "sufficiency of a complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); accord E. Shore Mkts, Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The Supreme Court has also opined:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." In addition, when ruling on a

> defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (alteration in original) (internal citations omitted) (quoting Twombly, 550 U.S. at 555-56).

"When considering a motion to dismiss involving *pro se* parties, the court construes the pleadings liberally to ensure that valid claims do not fail merely for lack of legal specificity." Brown v. Charlotte Rentals LLC, No. 3:15-cv-0043-FDW-DCK, 2015 WL 4557368, at *2 (W.D.N.C. July 28, 2015) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)). At the same time, however, the Court should not "assume the role of advocate for the pro se plaintiff." Gordon, 574 F.2d at 1151 (quotation omitted).

### III. ANALYSIS

**A.     Plaintiff's Second, Third, and Fourth Amended Complaints**

The Court must first determine which of Plaintiff's Complaints, if any, are appropriately before the Court. Plaintiff initiated suit by filing his original complaint on October 18, 2022, (Doc. No. 1). On October 21, 2022, Plaintiff filed his first Amended Complaint. (Doc. No. 3). The Court finds the First Amended Complaint to be timely and appropriately filed pursuant to Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course within: (A) 21 days after serving it . . . ").

Since Plaintiff had already exhausted his "once as a matter of course" opportunity, Plaintiff's subsequent filings of amended complaints require approval by the Court absent consent by Defendants. Prior to the filing of Plaintiff's Second Amended Complaint, (Doc. No. 15), such request was sought through Plaintiff's Motion to Amend (Doc. No. 11) and subsequently granted by Magistrate Judge David Keesler. (Doc. No. 12). Therefore, Plaintiff's Second Amended Complaint is also appropriately filed.

On August 30, 2023, Plaintiff filed his Third Amended Complaint. (Doc. No. 26). Then, on September 15, 2023, Plaintiff filed his Fourth Amended Complaint. (Doc. No. 29). Notably, neither Plaintiff's Third or Fourth Amended Complaint was consented to by Defendants nor approved by the Court. Nevertheless, this Court finds it appropriate under this record and given Plaintiff's *pro se* status, to construe the filing of the Fourth Amended Complaint[1] as a motion to amend the Second Amended Complaint. See Stanfield v. Wigger, No. 2:14-CV-00839-PMD, 2015 WL 58077, at *2 (D.S.C. Jan. 5, 2015) ("[T]he Court will construe Plaintiff's Second Amendment to Complaint as a Motion to Amend his Amended Complaint."); Carter v. Montgomery Cty. Recreation Dep't et al., No. DKC 13-2384, 2013 WL 6858873, at *3 (D. Md. Dec. 27, 2013) ("Plaintiff did not formally seek leave from the court, nor did he seek Defendants' consent prior to filing. The court will treat these amended complaints as motions to amend and deny the motions. Rule 15 encourages leniency, a value especially salient when the filer is pro se.").

In considering the construed motion to amend, the Court finds the unique nature of this record and Plaintiff's *pro se* pleadings favor permitting the amendment a fourth time. The Court specifically finds the Fourth Amended Complaint attempts to change the named Defendants to "adher[e] to the fact that 'State is the executive branch of the government and it cannot be named as defendant to represent the employees of the judicial branch in a lawsuit.'" (Doc. No. 25, p. 1). Additionally, though reworded to include more specificity as to the new Defendants, the allegations are substantially the same. Moreover, Defendant Mecklenburg County Superior Court Administration and Defendant Mecklenburg County Sheriff Office have both filed motions

---

[1] The Court is not ignoring the Third Amended Complaint, (Doc. No. 26), in its analysis. Rather, upon review of the Fourth Amended Complaint, it is merely a refiling of Plaintiff's Third Amended Complaint. No changes were made to the Fourth Amended Complaint, aside from Plaintiff including introductory language explaining to the Court the purpose of the refiling was to "serve the defendant using an alternative method to ensure that their rights are upheld and the case can proceed justly." (Doc. No. 29, p. 1). While the Court is not ruling on the appropriateness of this filing as a form of service, the Court provides this explanation for context as to the substantive immateriality between the third and fourth amended complaints.

8

specifically addressing the Fourth Amended Complaint. (Doc. Nos. 31, 36). Accordingly, allowing the amendment at this juncture does not prejudice any party; and nothing in the current record before the Court indicates bad faith or futility of amendment. Edwards, 178 F.3d at 242; see also Ward Electronics Service, Inc. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987).

Permitting this Fourth Amended Complaint, however, presents a separate issue for Defendant State of North Carolina who had previously moved to dismiss the Second Amended Complaint. "As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect." Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001); see also Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956 (8th Cir. 2002) (noting that the court should rule on a motion for leave to amend a complaint before deciding a motion to dismiss that same complaint because allowing leave to amend renders the motion to dismiss moot). Under these principles, and in light of the State of North Carolina being terminated as a defendant, the motion to dismiss Plaintiff's second complaint filed by State of North Carolina (Doc. No. 20) is DENIED AS MOOT.

**B.     Motions to Dismiss claims against Defendants Mecklenburg County Superior Court Administration & Mecklenburg County Sheriff Office**

Defendants Mecklenburg County Superior Court Administration and Mecklenburg County Sheriff Office rely on Rule 12(b)(6) of the Federal Rules of Civil Procedure arguing Plaintiff fails to sufficiently plead any plausible claim against them. (Doc. Nos. 31, 36). To successfully allege a violation of 42 U.S.C. § 1983, Plaintiff must show that a "person" acting under the color of state law violated his constitutional rights. See also 42 U.S.C. § 1985(1) (requiring a plaintiff to show, inter alia, a conspiracy of two or more "persons"). "The capacity of a governmental body to be sued in the federal courts is governed by the law of the state in which the district court is held." Avery v. Burke Cnty., 660 F.2d 111, 114 (4th Cir. 1981) (citing Fed. R. Civ. P. 17(b)); see also

9

Smith v. Munday, 848 F.3d 248, 256–57 (4th Cir. 2017). In North Carolina, in the absence of a statute, "the capacity to be sued exists only in persons in being." McPherson v. First & Citizens Nat. Bank of Elizabeth City, 81 S.E.2d 386, 397 (N.C. 1954). Therefore, departments of municipalities are not susceptible to suit without statutory authorization. See Martin v. Mecklenburg Cnty. Park & Recreation Dep't, 2006 WL 3780418 at *2 (W.D.N.C. Dec. 20, 2006) (finding departments of cities cannot be sued alone).

As an initial matter, the "Mecklenburg County Superior Court Administration" is not a legal entity in existence and is not a person capable of being sued under § 1983. Additionally, there is no statute in North Carolina that authorizes suit against a county's sheriff's department. Parker v. Bladen Cnty., 583 F. Supp. 2d 736 (E.D.N.C. 2008) (North Carolina statute establishes that "a county is a legal entity which may be sued," but "there is no corresponding statute authorizing suit against a North Carolina county's sheriff's department".); Landry v. North Carolina, 2011 WL 3683231, report and recommendation adopted, 2011 WL 3682788 (W.D.N.C. Aug. 23, 2011) (holding North Carolina sheriff's departments are not legal entities under North Carolina law capable of being sued). Plaintiff fails to contradict the case law in the federal courts in North Carolina or present any authority indicating that the Mecklenburg County Sheriff Office is an entity with the capacity to be sued. Therefore, all claims against Defendant Mecklenburg County Sheriff's Office must be dismissed.

While not specifically plead, dismissal is still appropriate under a theory of municipality liability. A municipality or other local government entity may be held liable under § 1983 only "where the constitutionally offensive acts of [ ] employees are taken in furtherance of some municipal 'policy or custom.'" Milligan v. City of Newport News, 743 F.2d 227, 229 (4th Cir. 1984) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)); see also Wolf v. Fauquier

Cty. Bd. of Supervisors, 555 F.3d 311, 321 (4th Cir. 2009) ("A county may be found liable under 42 U.S.C. § 1983 only 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'") (citations omitted). This is true even under the doctrine of respondeat superior, which is generally inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of employees, absent official policy or custom resulting in an illegal action. Monell, 436 U.S. at 694–95.

Here, Plaintiff fails to sufficiently allege any policy or custom—whether express or adopted through ratification—that could provide a basis for municipal liability under any of his § 1983 claims against the Mecklenburg County Sheriff Office. Notably, Plaintiff's pleadings barely mention the Mecklenburg County Sheriff Office apart from the allegations that the Sheriff's Office "intentionally converted . . . a 'writ of possession' to a 'writ of execution'", (Doc. No. 29, p. 5), and "the Sheriff [] whispering threats to the Plaintiff", (Doc. No. 29, p. 11). Furthermore, the allegations do not contend that the actions are based on official policy or custom.

To the extent Plaintiff recategorizes his allegations against the Sheriff's Office in his response as a failure to properly train, this too fails. Generally, an allegation of a failure to train can be the basis for liability under § 1983 if the failure to train amounts to deliberate indifference to an individual's rights and the lack of training is closely related to the ultimate injury. See City of Canton v. Harris, 489 U.S. 378, 387, 391 (1989). To meet the "stringent standard of fault" created by the deliberate indifference requirement, "a plaintiff must identify a 'specific deficiency rather than general laxness or ineffectiveness in training.'" Brown v. Cobb, No. 3:17-cv-00627, 2018 WL 6304405, at *3 (E.D. Va. Dec. 3, 2018) (first quoting Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 410 (1997), then quoting Spell v. McDaniel, 824 F.2d 1380, 1390 (4th Cir. 1987)).

Furthermore, a plaintiff must show that the municipality disregarded a known or obvious consequence of its decision. Brown, 520 U.S. at 410. A plaintiff can allege deliberate indifference by pleading facts to indicate that policymakers knew about and acquiesced in "a pattern of constitutional violations." Mitchell, 308 F. Supp. 2d 682, 704 (E.D. Va. 2004).

Here, Plaintiff has not alleged a pattern among the Mecklenburg County Sheriff Office of converting writs of possession into writs of execution or mishandling assets during the eviction process. Rather, Plaintiff alleges only this one, single instance of conduct which cannot constitute a pattern sufficient to support a plausible Monell claim. Without alleging a pattern of constitutional violation, Plaintiff has not met the deliberate indifference standard required to support a claim of inadequate training or supervision. For these reasons, the claims against the Mecklenburg County Superior Court Administration and Mecklenburg County Sheriff's Office are DISMISSED.

C.  **Motion to Dismiss claims against Defendants Mecklenburg County Magistrate (name unknown), Judge Donnie Hoover, & Judge George Bell**

   *1.  Eleventh Amendment*

The Eleventh Amendment bars suits brought in federal courts by a state's own citizens or the citizens of another state to the extent the suit seeks retrospective relief, including damages, against an unconsenting state. See Edelman v. Jordan, 415 U.S. 651, 662–68 (1974) (explaining that Ex Parte Young, 209 U.S. 123 (1908) and subsequent Supreme Court cases have limited relief against unconsenting states to prospective injunctive relief necessary to comply with federal law). Because a suit against a state official in his or her official capacity "is no different from a suit against the State itself," the Eleventh Amendment also bars suits brought in federal court that seek monetary relief from state officials in their official capacity. Will v. Mich. Dep't of State Police, 491 U.S. 59, 71 (1989); see also Biggs v. Meadows, 66 F.3d 56, 61 (4th Cir. 1995) (noting that compensatory or punitive damages are unavailable as relief in official capacity suits). While

Congress may abrogate a state's Eleventh Amendment immunity in certain limited circumstances, the Supreme Court has determined that Congress did not intend to abrogate Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983. Will, 491 U.S. at 66.

Here, the Defendant judges are clearly state officers. See N.C. CONST. ART. IV, § 2, 10, 19 (establishing that superior and district court judges are officers of the state); N.C. GEN. STAT. § 7A-4, -40, -41, -60, 130 (2021). Accordingly, the Eleventh Amendment bars Plaintiff's claim against each of the named judges because Plaintiff seeks monetary damages against state officers and there is no abrogation of Eleventh Amendment immunity or consent to the suit.

Though Plaintiff points to the *Ex parte Young* doctrine to support his claims against the judges, this support is misplaced. The long-standing doctrine of *Ex parte Young* "allows private citizens, in proper cases, to petition a federal court to enjoin State officials in their official capacities from engaging in future conduct that would violate the Constitution or a federal statute." Antrican v. Odom, 290 F.3d 178, 184 (4th Cir. 2002). Specifically, *Ex parte Young* authorizes "suits against state officers for prospective equitable relief from ongoing violations of federal law." Lytle v. Griffith, 240 F.3d 404, 408 (4th Cir. 2001). To determine whether the *Ex parte Young* doctrine is applicable, a court "need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." Verizon Md., Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 645 (2002) (internal quotation and citation omitted).

Importantly, Plaintiff is seeking *monetary* relief for the "severe financial damage and emotional hardship" he suffered. (Doc. No. 29, p. 14). This clearly is a remedy sought for past conduct and is not prospective. Similarly, to the extent Plaintiff seeks declaratory relief, that too seeks a declaration of past misconduct and violations of Plaintiff's rights as opposed to ongoing

13

Case 3:22-cv-00561-FDW-DCK   Document 46   Filed 10/27/23   Page 13 of 18

violations. Plaintiff's attempt to characterize his relief sought as purely injunctive in his response in opposition of Defendant judges' motion to dismiss is unsuccessful. Accordingly, the *Ex part Young* doctrine is inapplicable to Plaintiff's claims.

   2.   *Absolute Judicial Immunity*

It is well established law that judges have immunity from civil liability for their actions "in the exercise of their judicial functions." Bradley v. Fisher, 800 U.S. 335, 347 (1871). The Supreme Court has held that judicial immunity applies to suits under 42 U.S.C. § 1983. Stump v. Sparkman, 435 U.S. 349, 356 (1978). This protection of judicial immunity extends to situations where the allegations raise a question of whether the judicial officer erred in exercising judicial authority. See Dean v. Shirer, 547 F.2d 227, 231 (4th Cir. 1976) ("[T]he law has been settled for centuries that a judge may not be attacked for exercising his judicial authority, even if done improperly."); Imbler v. Pachtman, 424 U.S. 409, 419 (1976) (stating that judicial "immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences") (internal quotations omitted). For judicial immunity to apply, two elements are required: (1) the action was not done "in the 'clear absence of all jurisdiction'" and (2) the action is a "judicial act". King v Myers, 973 F.2d 354, 356–57 (4th Cir. 1992) (quoting Stump, 435 U.S. at 357, 360–62).

Here, Plaintiff's allegations relate to conduct by the Defendant judges while they were acting in their judicial capacities presiding over matters rightfully before them. Specifically, Plaintiff takes issue with the judicial decisions rendered during court hearings including information "suppressed" or not addressed by the Defendant judges. Like the plaintiff in Smith,

14

Plaintiff is dissatisfied with the Defendant judges' rulings and attempts to allege a violation of his civil rights. Thus, the Defendant judges are entitled to absolute judicial immunity.

    3.    *Rooker-Feldman Doctrine*

As noted, Plaintiff alleges in his Fourth Amended Complaint that the unknown Magistrate Judge presided over a suit filed against VMC, LLC which resulted in the eviction of Plaintiff from his business location. Then, Judge Hoover presided over a case between Plaintiff and his former landlord which resulted in a ruling which allowed the landlord to retain Plaintiff's seized assets. In a suit contesting Judge Hoover's ruling, Judge Bell also returned a ruling unfavorable to Plaintiff. Plaintiff claims here that his constitutional rights were violated during each of these prior suits. Because Plaintiff is attempting to seek review by this federal court of multiple state court actions that have already been adjudicated, this action is barred by the *Rooker-Feldman* doctrine, which bars federal courts from sitting "in direct review of state court decisions." District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462, 482–84 (1983).

Under the *Rooker-Feldman* doctrine, federal district courts do not have jurisdiction over challenges to state court decisions, even if those challenges allege that the state court's action was unconstitutional. Id. at 486. The doctrine also bars actions that are "inextricably linked" with the state court decision. Shooting Point, L.L.C. v. Cumming, 368 F.3d 379, 383 (4th Cir. 2004). Here, the Court is essentially being called on to review state court decisions under the guise of a deprivation of constitutional rights. The Court has no authority to entertain such a claim. See Hargrove v. Steiner, No. 5:04-cv-304-FL(1), 2004 WL 3317654, at *6 (E.D.N.C. Dec. 23, 2004). This action must, therefore, be dismissed.

    4.    *Failure to State a Claim*

The individual Defendants (Mecklenburg County Magistrate (name unknown), Judge Donnie Hoover, and Judge George Bell) also seek dismissal for Plaintiff's failure to state a plausible claim of relief against them. Each version of Plaintiff's complaint specifically indicates, by way of parenthetical information after the individual Defendants' names, that Plaintiff's §1983 claims against Mecklenburg County Magistrate (name unknown), Judge Donnie Hoover, and Judge George Bell are asserted against them *only* in their *official* capacities.

The distinction between official and individual capacity suits under § 1983 has been explained in Dillard v. Fox, 2009 WL 88879 (W.D.N.C. Jan. 12, 2009).

> In Kentucky v. Graham, 473 U.S. 159 (1985), the Court sought to eliminate lingering confusion about the distinction between personal—and official—capacity suits. We emphasized that official-capacity suits "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" Id., at 165 (quoting Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690, n. 55,(1978)). Suits against state officials in their official capacity therefore should be treated as suits against the State. 473 U.S., at 166. . . . Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, "the entity's 'policy or custom' must have played a part in the violation of federal law." Graham, supra, at 166 (quoting Monell, supra, 436 U.S., at 694).

Dillard, 2009 WL 88879 at *3 (quoting Hafer v. Melo, 502 U.S. 21, 25 (1991)). Therefore, by suing Defendants in their official capacities, Plaintiff brings his claims against the government entities for which they work. Theodore v. City of Charlotte-Goins, 2013 WL 5934133, at *7 (W.D.N.C. Nov. 1, 2013) (citing Kentucky v. Graham, 473 U.S. 159, 165–66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)); see also McMillian v. Monroe Cty., 520 U.S. 781, 785 n.2 (1997).

Here, the Defendant judges work for the State of North Carolina. Therefore, the claims brought against them in their official capacity are the equivalent to claims brought against the state. It is well-established that "a State is not a person within the meaning of § 1983." Will v. Michigan Dep't of State Police, 491 U.S. 58, 6 (1989). Therefore, the Defendant judges sued in their official

capacity are not "persons" subject to liability under 42 U.S.C. § 1983 and the claims against them must be dismissed.

**D.      Motion to Intervene**

On October 2, 2023, Plaintiff filed a motion, (Doc. No. 39), asking for the Court's intervention regarding "the consistent failure of the opposing party, to serve documents upon me, despite multiple filings with this Honorable Court with their false 'Certificate of Service.'" (Doc. No. 39, p. 1). Plaintiff contends that he became aware of Defendants filed motions "[o]nly through Roseboro order". (Doc. No. 39, p. 2). However, Plaintiff goes on to contradict this by noting that "[c]ourt docket entry is emailed to [him] with a date to respond." (Id.). In fact, since December 19, 2022, Plaintiff has been receiving notice of filings via the Court's electronic filing system pursuant to his request. This Court's Administrative Procedures Governing Filing and Service by Electronic Means provides that if the recipient is a registered participant in the System, the System's emailing of the "Notice of Electronic Filing" shall be the equivalent of service of the pleading or other paper by first class mail, postage prepaid.

On September 21, 2023, Defendant Mecklenburg County Court Administration sent electronic notification of their motion to dismiss. As shown on the electronic notice, Plaintiff was sent electronic notification of the Defendant's motion to the email address provided in his electronic notification request. Additionally, the certificate of service attached to the motion shows that the motion was mailed to Plaintiff's address of record. (Doc. 31, p. 3). Then, on September 29, 2023, Defendant Mecklenburg County Sheriff Office sent electronic notification of their motion to dismiss. Similarly, the electronic notice shows Plaintiff was sent electronic notification to the email address provided. Furthermore, the certificate of service also shows that the motion was mailed to Plaintiff's address of record. (Doc. No. 36, p. 2).

Accordingly, Plaintiff cannot credibly state that he was not provided notice of either Defendants' motions to dismiss. It is implausible that neither electronic notice nor notice by mail was provided to Plaintiff. Furthermore, Plaintiff has not missed a deadline in this matter and has responded to each Defendants' court filings. Therefore, Plaintiff's motion to intervene is DENIED.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant State of North Carolina's Motion to Dismiss the Complaint, (Doc. No. 20), is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendant Mecklenburg County Superior Court Administration's and Defendant Mecklenburg County Sheriff Office's Motions to Dismiss the Amended Complaint, (Doc. Nos. 31, 36), are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Intervene, (Doc. No. 39), is **DENIED**.

**IT IS SO ORDERED.**

Signed: October 26, 2023

Frank D. Whitney
United States District Judge