UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:22-CV-00561-FDW-DCK

| KALISHWAR DAS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| MECKLENBURG COUNTY SHERIFF OFFICE/DEPARTMENT and MECKLENBURG COUNTY SUPERIOR COURT ADMINISTRATION, | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Plaintiff's *Pro Se* Motion to Set Aside Judgment, (Doc. No. 62), and Plaintiff's *Pro Se* Supplemental Motion to Set Aside Judgment (Doc. No. 63). These matters have been fully briefed, (Doc. Nos. 62, 63, 64, 65, 66), and is ripe for ruling.

For a court to grant relief, the court must have jurisdiction over both the subject matter and the parties. See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982). "No party can waive the defect, or consent to [subject matter] jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wis. Dept. of Corrs. v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 671 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt.").

As this Court has stated in its previous Orders, (Doc. Nos. 46, 61), the Court lacks subject matter jurisdiction over this case. Neither Plaintiff nor Defendants can waive subject matter jurisdiction to maintain the claims in federal court. **Plaintiff is strongly cautioned that repeated filing of frivolous or improper actions may result in the imposition of sanctions and/or**

1

**prefiling injunctions that would limit Plaintiff's ability to file further lawsuits in this Court.**

**IT IS THEREFORE ORDERED** that Plaintiff's *Pro Se* Motion to Set Aside Judgment, (Doc. No. 62), and Plaintiff's *Pro Se* Supplemental Motion to Set Aside Judgment (Doc. No. 63), are **DENIED**.

**IT IS SO ORDERED.**

Signed: January 31, 2024

Frank D. Whitney
United States District Judge